**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PENNSYLVANIA GENERAL INSURANCE COMPANY, a/s/o JOHN SIROIS and SAFEGUARD INSURANCE COMPANY a/s/o RUI HENRIQUES

vs. C.A. NO. 04-48T

CHURCHILL & BANKS, LTD. and COTTAGE PLAZA, LLC

vs.

J.H. LYNCH & SONS, INC.

**THIRD PARTY PLAINTIFFS, CHURCHILL & BANKS, LTD., AND COTTAGE PLAZA ASSOCIATES LLC'S MOTION TO DISMISS THE THIRD PARTY ACTION WITHOUT PREJUDICE**

Third party plaintiffs, Churchill & Banks Ltd. and Cottage Plaza Associates, LLC, hereby move this Court, pursuant to Rule 41 (a) (2) to dismiss without prejudice the third party action that these entities have filed against J.H. Lynch & Sons, Inc. In support of this motion, these third party plaintiffs state the following:

1) The third party plaintiffs are only Churchill & Banks Ltd. and Cottage Plaza Associates, LLC (Exhibit 1: Third party complaint);

2) A third defendant in the main action, Churchill & Banks, LLC, was not added to the lawsuit until several months after the third party action was filed by the two third party plaintiffs identified above, and this entity never filed a third party action against J.H. Lynch & Sons in this federal lawsuit;

3) The only answer filed by J.H. Lynch & Sons Co. to a third party action was in response to the third party claims filed by Churchill & Banks, Ltd. and Cottage Plaza Associates, LLC. (Exhibit 2: Answer to Third Party Complaint);

4) Churchill & Banks, Ltd. and Cottage Plaza Associates LLC, along with Churchill & Banks LLC, have reached a settlement with plaintiffs in the main action, and third party defendant made no contribution to the settlement;

5) A dismissal stipulation with prejudice of the main action was entered by this Court on September 22, 2005;

6) At the mediation and since then, attorney for the third party plaintiffs, Churchill & Banks, Ltd. and Cottage Plaza Associates, LLC, has discussed the issue of dismissing the third party action without prejudice with the attorneys for the third party defendant and has not been successful in resolving the matter;

7) Dismissing the third party action without prejudice, and thereby allowing the claims of the third party action to be heard in the state court, would not in any way cause legal prejudice to the third party defendant J.H. Lynch;

8) In the interest of fairness and justice, the third party plaintiffs should be permitted to litigate their pending third party claims against J.H. Lynch in the state court actions with the main actions on the merits;

9) Moreover, it is in the interest of judicial efficiency that issues common to the main actions filed in the state court cases and the third party actions be addressed together by the state court;

10) Also, there is no longer diversity among the parties as both the third party plaintiffs, Churchill & Banks, Ltd. and Cottage Plaza Associates, LLC; are Rhode Island

corporations and J.H. Lynch & Sons is a Rhode Island Corporation; therefore, the claims between them involving state law are more appropriately addressed in the state court;

11) Furthermore, the third party action is moot at this time because it is contingent upon a finding of liability against the defendants in the main action and that action has been dismissed without a finding or admission of liability.

In further support of this motion, third party plaintiffs, Churchill & Banks, Ltd. and Cottage Plaza Associates, LLC, rely on the Memorandum in Support of this Motion and incorporate the same by reference.

WHEREFORE, the third party plaintiffs, Churchill & Banks Ltd., and Cottage Plaza Associates LLC, request that the Court dismiss the third party action, without prejudice and without costs or expenses to any party.

CHURCHILL & BANKS, Ltd.
COTTAGEPLAZA ASSOCIATES, LLC
By their Attorneys,

Faith A. LaSalle

Faith A. LaSalle (#2212)
One Turks Head Place
Suite 1010
Providence, RI 02903
Telephone: (401) 421-8080
Facsimile: (401) 421-0677

**Certification of Service**

I hereby certify that on this 3rd day of October, 2005, I mailed a copy of Third party plaintiffs' Motion to Dismiss Without Prejudice the Third Party Complaint and Supporting Memorandum to the attorneys of record:

Craig R. Waksler, Esq.
Stephen Adams, Esq.
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Robert Quigley, Esquire
McKenney, Jeffrey & Quigley
95 Chestnut Street, 6th Floor
Providence, RI 02908

Jennifer Valle

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PENNSYLVANIA GENERAL INSURANCE
COMPANY, a/s/o JOHN SIROIS and
SAFEGUARD INSURANCE COMPANY
a/s/o RUI HENRIQUES

vs. C.A. NO. 04-48T

CHURCHILL & BANKS, LTD. and
COTTAGE PLAZA, LLC

vs.

J.H. LYNCH & SONS, INC.

**MEMORANDUM IN SUPPORT OF THIRD PARTY PLAINTIFFS, CHURCHILL & BANKS, LTD., AND COTTAGE PLAZA ASSOCIATES LLC'S MOTION TO DISMISS THE THIRD PARTY ACTION WITHOUT PREJUDICE**

**BACKGROUND**

This litigation arises from a fire that occurred on November 14, 2003, at the Greenhalgh Mill Complex in Pawtucket, Rhode Island. The plaintiffs in the main action, Pennsylvania General Insurance Company and Safeguard Insurance Company, were insurers who had paid out on claims for losses arising out of damage to houses surrounding the mill complex. Early in the litigation, two of the defendants, Churchill & Banks, Ltd. and Cottage Plaza Associates, LLC, filed a third party action against J.H. Lynch & Sons, Inc. because the plaintiffs had made allegations concerning the adequacy of the fencing surrounding the property and J.H. Lynch & Sons had been the site contractor hired to erect fencing around the premises in preparation for demolition and construction work.

At mediation in August, third party plaintiffs, Churchill & Banks Ltd., and Cottage Plaza Associates, LLC, reached a settlement of the main action with Pennsylvania General Insurance Company and Safeguard Insurance Company and have stipulated to dismiss the main action with prejudice. This dismissal stipulation was entered as an order of the court on September 22, 2005. The third party defendant, J.H. Lynch & Sons, Inc. did not contribute to the settlement. Third party plaintiffs, Churchill & Banks Ltd. and Cottage Plaza Associates, LLC proposed, in order to close this federal matter, that the third party action be dismissed without prejudice so that any claims against J.H. Lynch & Sons, Inc. could be addressed in the four pending state court actions, all arising out of the November 14, 2003, mill fire, and where J.H. Lynch & Sons, Inc. is also named as a third party defendant. (The defendants/third party plaintiffs have never been served in one action and another action is in the process of being answered.) The third party defendant, J.H. Lynch & Sons, Inc. has refused to sign a dismissal without prejudice or agree to a proposed compromise of the parties' respective positions.

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, these third party plaintiffs are requesting the Court to dismiss the third party action without prejudice and without costs to any party. Under the circumstances, it is appropriate to do so.

## ARGUMENT

### I. DISMISSAL OF THE THIRD PARTY ACTION WITHOUT PREJUDICE COMPORTS WITH THE BASIC PURPOSE OF RULE 41(A)(2) WHICH IS TO FREELY PERMIT A PLAINTIFF TO DISMISS AN ACTION.

The reason for Rule 41 is to allow for voluntary dismissal of claims and cases. Rule 41(a)(2) exists to permit a voluntary dismissal by a plaintiff (or as in this case a

third party plaintiff) in circumstances such as these, i.e. late stages of discovery. Puerto Rico Maritime Shipping Authority vs. Leith, 668 F. 2d 46 (1st Cir. 1981). In fact, the basic purpose of Rule 41(a)(2) is to "freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976). According to the First Circuit, "dismissal without prejudice *should be permitted* under the rules unless the court finds that the defendant will suffer legal prejudice. Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d at 50.

Rule 41(a)(2) allows the Court to exercise its discretion in matters of involuntary or partially voluntary dismissal of actions, especially as to third-party actions where the main action has been dismissed. Century Manufacturing Company v. Central Transport International Inc., 209 F.R.D. 647, 648 (D. Mass. 2002), citing Holbrook v. Anderson Corp., 130 F.R.D. 516, 519 (D. Me. 1990). Since the purpose of the Rule 41(a)(2) is to freely allow dismissals, a dismissal of the third party action without prejudice is appropriate in this instance.

## II. DISMISSAL OF THE THIRD PARTY ACTION WITHOUT PREJUDICE IS APPROPRIATE WHEN THERE IS NO LEGAL HARM OR LEGAL PREJUDICE TO A PARTY.

The First Circuit has indicated that the existence or the prospect of a second suit is not considered legal prejudice. Puerto Rico Maritime Shipping Authority vs. Leith, 668 F. 2d at 50. Other courts have also refused to find the prospect of a subsequent lawsuit as legal prejudice. McCants v. Ford Motor Company, Inc., 781 F.2d 855, 856-7 (11th Cir. 1986); Brown vs. Gulfstream Aerospace Corporation, 2001 WL 548846 (S.D.Ga.). Nor, according to the First Circuit, is even a tactical advantage to the plaintiff considered legal

prejudice. Puerto Rico Maritime, 668 at 50. Furthermore, it has also indicated that even involvement in lengthy and costly discovery in the federal action is not considered legal prejudice. Id. Other circuits have ruled similarly. See, for example, Robles vs. Atlantic Sounding Co., Inc., 77 Fed. Appx. 274 (5th Cir. 2003).

In this instance, the existence of four cases pending in the Providence Superior Court is not sufficient to conclude that the third party defendant will suffer prejudice. There is no tactical advantage; particularly since the parties to the third party action are all Rhode Island based corporations and the issues involved will entail the interpretation and application of Rhode Island law. Also, the cost of participating in discovery in this federal case does not constitute a legal prejudice. The Court in Puerto Rico Maritime Shipping Auth. vs. Leith, faced that precise argument and rejected it as the Court failed to consider the cost of engaging in discovery as legal prejudice, particularly where the discovery would be used in pending state litigation. As the First Circuit stated, "this discovery has not been wasted, as much of it remains relevant to the suit currently pending in a court of the Commonwealth of Puerto Rico." Id. Similarly, the discovery done in this federal case is relevant to the four suits currently pending in the Providence Superior Court. In fact, non-party plaintiffs to this litigation, who are parties in the state cases were invited, attended and were allowed to examine deponents at all of the fact depositions conducted in this federal case. The understanding among all who participated was that the discovery would be used in all litigation arising out of the fire. Finally, there is no basis for the third party defendant to claim that it would be precluded from raising any defense or asserting any claims in the state cases pending in the

Providence Superior Court. Without any of the above, the third party defendant cannot show that it is legally harmed by a dismissal without prejudice.

For the reasons discussed, there is no basis to find that the third party defendant in this action would be legally prejudiced and therefore, the Court is requested to order the dismissal of the third party action, without prejudice.

Under Rule 41(a)(2), a court is allowed to grant a dismissal without prejudice "upon such terms and conditions as the court deems proper." In this case, the dismissal without prejudice should enter without costs to any party. There are four pending state actions all arising out of the same mill fire, some of which J.H. Lynch & Sons is already involved. Therefore, Lynch would have had to incur costs and expenses anyway in defending those actions. Moreover, the third party plaintiffs and their attorneys made every effort possible to conduct the discovery in an efficient and consolidated manner, by notifying not only plaintiffs in the state actions but also potential plaintiffs and their attorneys of the commencement of discovery and depositions. They also arranged among the parties that attorneys for non-parties to this action were noticed, invited to attend, and allowed to examine deponents. Therefore, there will not be a duplication of discovery efforts with the state litigation, and thus to have the issues against J.H. Lynch decided in the state cases is not going to cause it to incur excessive as duplicative costs and expenses. Furthermore, if the third party defendant had contributed nominally to the settlement at the mediation, this federal matter would have been dismissed without costs to any party.

## III. DISMISSAL OF THE THIRD PARTY ACTION WITHOUT PREJUDICE SERVES THE INTERESTS OF JUDICIAL EFFICENCY AND FAIRNESS.

Federal courts can decline to hear or postpone third party claims when the same claims are pending in state court. In Freeman v. Resolution Trust Corp., where third-party plaintiff had used permissive joinder to add third-party claims to the original action, the United States District Court for the Northern District of California, pursuant to Rule Civ. P. 20(b), severed defendants' third party claims from the main action and stayed those claims pending resolution of the identical claims in state court. Freeman v. Resolution Trust Corp., 1994 WL 398515, 3 (N.D. Cal.). In this instance, dismissing the third party action without prejudice would have the same effect on the similar pending state claims against J.H. Lynch.

Moreover, discovery from experts who were deposed in the federal case, as recently as June 2005, indicate that new issues may establish liability in part against other contractors who were working on the premises around the time of the fire. Testimony from these experts also indicate that some issues not addressed in the original pleadings in federal court are expected to be raised in the state court actions and could potentially give rise to liability of various contractors with respect to damages in those lawsuits and new grounds for liability with respect to J.H Lynch. Furthermore, parties in the state actions have not disclosed expert opinions or even identified experts, which could give rise to additional facts and claims against various contractors on the premises at or around the time of the fire. If the third party plaintiffs were barred from potentially pursuing a claim against an appropriate responsible party due to a dismissal with prejudice, then neither fairness nor the interests of justice would be served.

As stated above, the claims against the third-party defendant in this matter have also been raised in the two actions currently pending in the Superior Court of Rhode

Island where responsive pleadings have been filed. It is in the interest of judicial efficiency and fairness that this third party action in this litigation be dismissed at this time and that the claims in the third party action, which deals with issues common to the main actions filed in the state court cases, are addressed in those actions.

**IV. A DISMISSAL OF THE THIRD PARTY ACTION WITHOUT PREJUDICE IS APPROPRIATE WHERE DIVERSITY NO LONGER EXISTS AND THE THIRD PARTY ACTION FILED IN A LAWSUIT WHERE THE MAIN ACTION HAS BEEN DISMISSED MAY BE CONSIDERED MOOT.**

When neither diversity nor a federal question exist anymore in a federal lawsuit, it is considered preferable to dismiss the action so that it may be tried in state court. As one federal district court has stated, "(w)here the sole original basis for federal jurisdiction has evaporated upon settlement of the main case, a district court must reassess its earlier decision to exercise jurisdiction over claims that have no independent federal jurisdictional basis. First Savings Leasing Corp. v. McKay, 1989 WL 152328, 1 (N.D. Ill. 1989), citing United States v. Zima, 766 F.2d 1153, 1157 (7th Cir. 1985). Relevant considerations include judicial economy, convenience and fairness to litigants. Id. The rationale is that a federal court should not intrude into issues of state law unless there is justification for doing so. First Savings Leasing Corp. at 1, citing Argento v. Village of Melrose Park, 838 F.2d 1483, 1502 (7th Cir. 1988).

This is particularly true in a case such as this one where there are already state cases in existence with third party actions against J. H. Lynch. In this instance, all parties to the third party action, the two third-party plaintiffs and the third-party defendant, are Rhode Island companies, incorporated and having their principle place of business in the State of Rhode Island. None of the claims alleged involve a federal question. Thus, with diversity destroyed by the dismissal of the main action, this Court would be deciding

matters of Rhode Island law between Rhode Island parties. The better forum for such an action is the Superior Court of Rhode Island, where four actions similar to the instant action are pending.

Moreover, there is also the consideration that the third party action may no longer be justiciable. With the dismissal of the main action as a result of settlement, any liability on the main claim has become purely hypothetical. A dismissal of a third party action on the basis of mootness is appropriate after the main action is dismissed by a favorable summary judgment motion. Faser vs. Sears Roebuck & Co. vs. Fishman vs. Upjohn, 674 F.2d 856, 860 (11th Cir. 1982). If there is no longer a claim by the plaintiff against the defendant/third party plaintiffs, then the third party plaintiffs have no claim against the third party defendant. Id. See, also Evra Corporation vs. Swiss Bank Corporation vs. Continental Illinois National Bank, 673 F. 2d 951, 959 (7th Cir. 1982), cert. den. 459 U.S. 1017 (1982); First Commerce of America, Inc. v. Nimbus Center Associates, 958 P.2d 850, 852 (Or. App. 1998).

The release entered into by the plaintiffs in the main action and the defendants, which has been made available to the third party defendant's attorneys, specifically provided that "this Release is given and received in settlement of a disputed claim and does not operate as an admission of liability." Thus, the liability of the defendants/third party plaintiffs to the plaintiffs in the main action has never been adjudicated. Since any potential liability of J.H. Lynch is derived from the main action, which was been dismissed with no admission of liability; the third party claims are now merely hypothetical and no longer justiciable. Therefore, a dismissal without prejudice is appropriate in case those actions become justiciable at a later point in time.

For all of the these reasons discussed, the third party plaintiffs, Churchill & Banks Ltd., and Cottage Plaza Associates LLC, request that the Court dismiss the third party action, without prejudice, in this matter, and without costs or expenses to any party.

CHURCHILL & BANKS, Ltd.
COTTAGE PLAZA ASSOCIATES, LLC
By their Attorneys,

Faith A. LaSalle

Faith A. LaSalle (#2212)
One Turks Head Place
Suite 1010
Providence, RI 02903
Telephone: (401) 421-8080
Facsimile (401) 421-0677

**Certification of Service**

I hereby certify that on this 3rd day of October, 2005, I mailed a copy of Third Party plaintiffs' Motion to Dismiss the Third Party Action without Prejudice and the Supporting Memorandum to the attorneys of record:

Craig R. Waksler, Esq.
Stephen Adams, Esq.
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Robert Quigley, Esquire
McKenney, Jeffrey & Quigley
95 Chestnut Street, 6th Floor
Providence, RI 02908

Jennifer Valle

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PENNSYLVANIA GENERAL INSURANCE COMPANY, a/s/o JOHN STROIS and SAFEGUARD INSURANCE COMPANY a/s/o RUI HENRIQUES

vs. C.A. NO. 04-48T

CHURCHILL & BANKS, LTD. and COTTAGE PLAZA, LLC

vs.

J. H. LYNCH & SONS, INC.,
Third-Party Defendant

**DEFENDANTS/THIRD PARTY PLAINTIFFS, CHURCHILL & BANKS, LTD. AND COTTAGE PLAZA, LLC'S THIRD PARTY COMPLAINT AGAINST THIRD PARTY DEFENDANT, J.H. LYNCH & SONS, INC.**

**Parties**

1. This matter involves losses arising out of a mill fire that occurred in Pawtucket, Rhode Island on November 14, 2003.

2. Defendants/third party plaintiffs Churchill & Banks, Ltd. ("Churchill") is a company, with its principal place of business in the city of Providence, County of Providence, State of Rhode Island.

3. Defendants/third party plaintiffs Cottage Plaza Associates, LLC., ("Cottage Plaza Associates") is a company with its principal place of business in the city of Providence, County of Providence, State of Rhode Island.

4. Churchill and Cottage Plaza Associates are hereinafter collectively referred to as "Defendants."

5. Third party defendants, J.H. Lynch & Sons, Inc. is a company, with its principal place of business in the city of Cumberland, State of Rhode Island.

6. Jurisdiction is sufficient. The amount in controversy exceeds $75,000.

**Allegations**

7. The first party plaintiffs, Pennsylvania General Insurance Company, a/s/o John Strois, and Safeguard Insurance Company, a/s/o Rui Henriques, have filed a complaint against defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC. alleging, among other things that they sustained damages consequential thereto on or about November 14, 2003. (Attachment A: Complaint).

8. The plaintiffs in the primary action claim that their damages resulted from the actions or inactions of defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC.

9. Defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC. deny the plaintiffs' injuries and damages were caused by the actions or inactions of Defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC.

10. The allegations maintained in the main complaint involve the security of the premises at 314 Woodbine Street, Pawtucket, Rhode Island when the premises was under demolition.

11. The third party defendants, its agents, employees or sub-contractors, was the site constructer and entity responsible and/or involved with selecting and installing

security fences and implementing other security measures during the demolition process.

12. The security fences and other security measures are material to the present dispute based on the allegations raised by the first party plaintiffs against the first party defendants/third party plaintiffs in the present matter.

**COUNT ONE**
**(CONTRIBUTION)**

13. Without admitting but, on the contrary, denying the allegations of the primary plaintiffs' complaint, defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC., state if they are found liable to the primary plaintiffs, such liability would have been brought about by the negligence of the third party defendant, J.H. Lynch & Sons, Inc., in whole or in part.

14. Third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC. are entitled to contribution from third party defendant for all sums that may be judged against the defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC. in favor of the primary plaintiffs.

WHEREFORE, third party plaintiffs, Churchill & Banks, Ltd. and Cottage Plaza, LLC, request that judgment enter in their favor with respect to contribution from third party defendants, J.H. Lynch & Sons, Inc.

**COUNT TWO**
**(INDEMNIFICATION)**

15. Without admitting but, on the contrary, denying the allegations of the primary plaintiffs' complaint, defendants/third party plaintiffs Churchill & Banks, Ltd. and

Cottage Plaza, LLC., state if they are found liable to the primary plaintiffs, such liability would be subject to the contract that J.H. Lynch & Sons, Inc. entered into with defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC., in which J.H. Lynch and Sons, Inc. agreed to indemnify defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC. and to list defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC. as additional insureds in the insurance policy J.H. Lynch & Sons, Inc. was required to obtain in order to perform the work on the premises.

16. Third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC are entitled to indemnification from third party defendants for all sums that may be judged against the defendants/third party plaintiffs Churchill & Banks, Ltd. and Cottage Plaza, LLC. in favor of the primary plaintiffs.

WHEREFORE, third party plaintiffs, Churchill & Banks, Ltd. and Cottage Plaza, LLC request that judgment enter in their favor with respect to indemnification from third party defendants, J.H. Lynch & Sons, Inc.

Third-Party Plaintiffs,
COTTAGE PLAZA
ASSOCIATES, LLC,
CHURCHILL & BANKS, LTD
By their Attorneys,

Faith A. LaSalle

Faith A. LaSalle (#2212)
One Turks Head Place
76 Westminster Street
Suite 1010
Providence, RI 02903
Telephone: (401) 421-8080
Facsimile (401) 421-0677

**Certification of Service**

I hereby certify that on this 9th day of November, 2004 that a true and correct copy of this Third Party Action has been duly furnished via First Class Mail to the following counsel of record: **Matthew F. Noone, Esquire, Cozen O'Connor, The Atrium, 1900 Market Street, Philadelphia 19103; Marco Yriati, Esquire, Roberts, Carroll, Feldstein & Pierce, Ten Weybosset Street, Providence, Rhode Island 02903.**

Faith A. LaSalle

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF RHODE ISLAND

| | |
|---|---|
| PENNSYLVANIA GENERAL INSURANCE COMPANY, a/s/o JOHN STROIS and SAFEGUARD INSURANCE COMPANY a/s/o RUI HENRIQUES<br><br>Plaintiffs,<br><br>v.<br><br>CHURCHILL & BANKS, LTD. and COTTAGE PLAZA, LLC<br><br>Defendants/Third-Party Plaintiff<br><br>v.<br><br>J.H. LYNCH & SONS, INC.<br><br>Third-Party Defendant | C. A. NO.: 04-48 T |

**THIRD-PARTY DEFENDANT J.H. LYNCH & SONS, INC. ANSWER TO THE DEFENDANT/THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT**

The third-party defendant, J.H. Lynch & Sons, Inc., ("the third-party defendant") hereby responds to each and every allegation contained in the defendant/third-party plaintiffs' third-party complaint as follows:

**Parties**

1. No answer is required to this paragraph because no allegations against the third-party defendant are asserted.

2. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint and, therefore, leaves the third-party plaintiff to its proof.

3. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint and, therefore, leaves the third-party plaintiff to its proof.

4. No answer is required to this paragraph because no allegations against the third-party defendant are asserted.

5. The third-party defendant admits the allegations contained in this paragraph.

6. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

## Allegations

7. No answer is required to this paragraph because no allegations against the third-party defendant are asserted. Furthermore, no Attachment A was provided with the third-party complaint, as alleged in this paragraph.

8. No answer is required to this paragraph because no allegations against the third-party defendant are asserted.

9. No answer is required to this paragraph because no allegations against the third-party defendant are asserted.

10. No answer is required to this paragraph because no allegations against the third-party defendant are asserted.

11. The third-party defendant denies the allegations contained in this paragraph.

12. The third-party defendant denies the allegations contained in this paragraph.

## COUNT ONE
## (CONTRIBUTION)

13. The third-party defendant denies the allegations contained in this paragraph.

14. The third-party defendant denies the allegations contained in this paragraph, and further denies that the defendant/third-party plaintiff is entitled to any relief whatsoever.

## COUNT TWO
## (INDEMNIFICATION)

15. The third-party defendant denies the allegations contained in this paragraph.

16. The third-party defendant denies the allegations contained in this paragraph, and further denies that the defendant/third-party plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The third-party defendant, J.H. Lynch& Sons, Inc., having denied each and every allegation contained in the defendant/third-party plaintiff's third-party complaint not specifically admitted above, for its affirmative defenses states and alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff has failed to state a claim for which relief can be granted and its third-party complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

To the extent that the defendant/third-party plaintiff sustained the damages alleged, such damages were caused by the acts or omissions of third parties for whom the third-party defendant is not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

The third-party defendant states that the negligence of the defendant/third-party plaintiff caused or contributed to cause any damages of which the defendant/third-party plaintiff complains, wherefore, liability for such damages should be apportioned accordingly.

## FIFTH AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff cannot recover because the alleged damages were caused by an intervening, superceding cause.

## SIXTH AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff cannot recover because the defendant/third-party plaintiff knowingly assumed the risk of the damages it allegedly suffered.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff cannot recover because of lack of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff cannot recover because of the applicable statute of frauds.

## NINTH AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff cannot recover because of the terms contained in the contract between the parties.

## TENTH AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff's complaint should be dismissed pursuant to Fed R. Civ. P. 12(b)(5).

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant/third-party plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4).

**THE THIRD-PARTY DEFENDANT DEMANDS A JURY TRIAL.**

Respectfully submitted,
The Third-Party Defendant,
J.H. Lynch & Sons, Inc.,

By its Attorneys,

Craig R. Waksler, Esq.
R.I. Bar No. 4945
Stephen Adams, Esq.
R.I. Bar No. 5577
Taylor Duane Barton
& Gilman, LLP
10 Dorrance Street
Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 fax

**CERTIFICATE OF SERVICE**

I, hereby certify that a true copy of the above document was hand delivered upon the attorney of record for each other party by mailing same postage on December 22, 2004.

Craig R. Waksler