UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PENNSYLVANIA GENERAL INSURANCE COMPANY, a/s/o John Sirois, and SAFEGUARD INSURANCE COMPANY A/s/o Rui Henriques

V.

CHURCHILL & BANKS, LTD and COTTAGE PLAZA, LLC

V.

J.H. LYNCH & SONS, INC.

C.A. No: 04-48 T

**THIRD PARTY DEFENDANT, J.H. LYNCH & SONS, INC.'S OBJECTION TO THIRD PARTY PLAINTIFFS, CHURCHILL & BANKS, LTD. AND COTTAGE PLAZA ASSOCIATES LLC'S, MOTION TO DISMISS THE THIRD PARTY ACTION WITHOUT PREJUDICE**

Third party defendant, J.H. Lynch & Sons, Inc. hereby object to the Third Party Plaintiffs, Churchill & Banks, Ltd and Cottage Plaza Associates LLC's Motion to Dismiss the third party action without prejudice. In support of its objection, the third party defendant relies on the attached memorandum of law.

By Its Attorneys,

Robert J. Quigley, Jr. (#2483)
95 Chestnut Street, 6th Fl
Providence, RI 02903
(401) 454-4550

Craig R. Wacksler, Esquire
Stephen Adams, Esquire
Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street
Providence, RI 02903
(401) 273-7171

## CERTIFICATION

I hereby certify that a true copy of the within document was mailed to **Faith A. Lasalle, Esquire**, Law Offices, One Turks Head Place, Site 1010, Providence, RI 02903 on this 13th day of October, 2005.

Madelyn Rodriguez

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PENNSYLVANIA GENERAL INSURANCE COMPANY, a/s/o John Sirois, and SAFEGUARD INSURANCE COMPANY A/s/o Rui Henriques | : | |
| V. | : | C.A. No: 04-48 T |
| CHURCHILL & BANKS, LTD and COTTAGE PLAZA, LLC | : | |
| V. | : | |
| J.H. LYNCH & SONS, INC. | : | |

**MEMORANDUM IN SUPPORT OF THIRD PARTY DEFENDANT, J.H. LYNCH & SONS, INC.'S OBJECTION TO THIRD PARTY PLAINTIFFS, CHURCHILL & BANKS, LTD. AND COTTAGE PLAZA ASSOCIATES LLC'S, MOTION TO DISMISS THE THIRD PARTY ACTION WITHOUT PREJUDICE**

**FACTS**

This action arises out of a fire that occurred on November 14, 2003 at the Greenhalgh Mill Complex in Pawtucket, Rhode Island. The plaintiffs, Pennsylvania General Insurance Company and Safeguard Insurance Company, were insurers who paid claims for losses arising out of damage to houses in the area surrounding the mill. The defendants/third party plaintiffs, Churchill & Banks, Ltd and Cottage Plaza Associates, LLC filed a third party action against J.H. Lynch & Sons, Inc.

In their third-party complaint, the third-party plaintiffs allege a breach of contract by third-party defendant Lynch. That contract required Lynch to install a "temporary construction fence", the cost of which was not to exceed $12,000. The third-party complaint sought contribution and indemnification from Lynch. The third-party complaint, which did not make specific reference to the terms of the contract, contains the following allegation:

> "The third party defendant, its agents, employees, or sub-contractors, was the site constructer and entity responsible and/or involved with selecting and installing security fences and implementing other security measures during the demolition process."

There is no factual support for those allegations, and, if the instant motion were denied, third-party defendant would be entitled to judgment as a matter of law.

Discovery in this case proceeded according to a pre-trial Order issued by this Court on July 21, 2004. (A copy of that pre-trial Order is attached hereto and marked as Exhibit "A"). The case is presently tentatively assigned for trial in November, 2005.

The parties undertook extensive discovery in this case, involving both fact witnesses and expert witnesses. During the course of the discovery process, the third-party plaintiffs identified two experts, James R. Eddy and Daniel Hoffman. The depositions of both experts were conducted, as well as those of two experts designated by the plaintiff.

For the purposes of the third-party complaint, and the instant motion, Mr. Hoffman's opinions are the most significant. Mr. Hoffman was identified as an expert with respect to security issues involving demolition sites. Mr. Hoffman's testimony, and his report dated June 7, 2005, clearly demonstrate a complete lack of any factual foundation for the third-party complaint. In his report, Mr. Hoffman offers the following findings and conclusions:

> "The fence that was erected appears to have met the standard for construction site fencing for the demolition site. This is evidence by the lack of comment, by any building inspector, fire official, or police official in the City of Pawtucket or State of Rhode Island to the contrary." (p3)
>
> ***
>
> "The fence that was erected on the site was in accordance with industry standards for a demolition site such as this." (p5)

Based on the opinions offered by third-party plaintiff's own expert, Mr. Hoffman, Lynch prepared to file a motion for summary judgment.

Subsequent to the completion of the depositions of expert witnesses, the defendants/third-party plaintiffs reached a settlement with the plaintiffs during mediation. Third-party defendant, Lynch did not contribute towards that settlement. A stipulation has been filed with the Court dismissing the plaintiff's complaint. The third-party complaint remains pending.

The pre-trial Order issued by the Court in this case contains the following requirement with respect to the filing of a motion for summary judgment:

> 8. "Prerequisites to Filing Motions for Summary Judgment. No motion for summary judgment may be filed until counsel proposing to file such motion has, first, conferred with the Court and other counsel for the purpose of discussing the need for and utility of the proposed motion".

A summary judgment conference, in accordance with the pre-trial Order, was conducted by the Court on September 1, 2005. At that time, third-party defendant advised the Court and counsel for third-party plaintiff that it intended to file a motion for summary judgment. At that conference, the third-party plaintiffs advised the Court that they would seek a dismissal of this matter without prejudice. Following that conference, the Court issued a scheduling Order relating to the filing of the instant motion.

By filing the instant motion, the third party plaintiffs are impermissibly engaging in "forum shopping" in an effort to avoid summary judgment. Third-party defendant Lynch respectfully requests that this Court deny the motion to dismiss without prejudice and allow this matter to proceed to summary judgment or trial.

**LAW AND ARGUMENT**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> "(A)n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The express language of the rule makes it clear that the determination of whether to grant a motion for voluntary dismissal rests

within the sound discretion of the district court. The purpose of Rule 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions". Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961). In exercising its discretion under the rule, the Court generally must make three separate determinations:

1. Whether the dismissal should be allowed at all;
2. Whether the dismissal should be with or without prejudice; and
3. What terms and conditions, if any, are appropriate.

Burnette v. Godshall, 828 F.Supp. 1439, 1433 (N.D. Cal. 1993).

In deciding whether to grant a Rule 41(a)(2) motion, Courts consider the following factors:

1. The defendant's effort and expense of preparation for trial;
2. Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;
3. Insufficient explanation for the need to take a dismissal; and
4. The fact that a motion for summary judgment has been filed by the defendant.

Doe v. Urohealth Systems, Inc., 216 F.3d 157 (1st Cir.2000) (*quoting* Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). However,

courts need not analyze each factor or be limited by these factors. *Id.* They are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Id.* (*quoting* Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980)). ("The enumeration of the factors to be considered in Pace is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests."). Thus, when courts consider whether to grant or deny a Rule 41(a)(2) motion "the very concept of discretion presupposes a zone of choice within which the trial courts may go either way." *Id.* (*quoting* Kern v. TXO Prod. Corp., 738 F.2d 968, 971 (8th Cir.1984)).

In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253 (11th Cir.2001) *quoting* McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir.1986).

In passing on a motion for voluntary dismissal under Rule 41 (a)(2), the Court should also consider the principals enunciated in Rule 1 of the Federal Procedure, which provides as follows:

> "These rules govern the procedure in the United States District Courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

The "just, speedy, and inexpensive" resolution of the instant third-party claim is best served by denial of the instant motion to dismiss.

## I. The third party action should not be dismissed because the third party defendant will be prejudiced.

The third party defendant submits that the defendant/third party plaintiffs' motion to dismiss without prejudice should be denied and the case should proceed to trial as scheduled. In this case, the parties have conducted extensive discovery in preparation for trial. Counsel for the third-party defendant appeared and participated in the depositions of at least 15 fact witnesses. Additionally, depositions of the four expert witnesses identified by the parties were also conducted.

Prior to the filing of this motion, the third-party defendant had anticipated filing a Motion for Summary Judgment. The bases for that motion would have included that, as a matter of law, Lynch did not owe any legal duty with respect to the security issues, that the fence constructed by Lynch was done so in accordance with all applicable standards and the terms of the contract, and that no act or omission on the part of Lynch caused or contributed to cause the subject fire.

The bases of any liability of the third-party defendant is the contract between Lynch and the third-party plaintiffs. That contract required, in pertinent part that Lynch install a "temporary construction fence". It is uncontested that a temporary construction fence was

installed and, further, that it was done so in accordance with all applicable standards and regulations.

In assessing liability with respect to the fire which is the subject matter of this action, it is important to bear in mind that the official finding as to the cause of the fire is "undetermined". That was the final determination of the State Fire Marshall's Office, which conducted its investigation in conjunction with various Federal, State, and Municipal agencies. Third-party plaintiff's expert Eddy also concluded that the cause of the fire was undetermined. The plaintiff's theory in the underlying action was that the fire was started by a trespasser on the property. Even if the third-party plaintiffs were now to adopt that theory, they would be unable to present even a scintilla of evidence to suggest that any act or omission on the part of third-party defendant Lynch caused or contributed to the cause of the fire.

The facts adduced through the testimony of third-party plaintiffs' employees clearly establishes that Lynch was neither advised of any problems involving trespassers on the site, nor was Lynch ever requested to take any steps with respect to such a problem.

There would also be no evidence to support a finding that a trespasser gained entrance onto the property through any problem or defect in the temporary construction fence. The fence was constructed with a gate which allowed access onto the site for workers and equipment. On the date of this fire, there were three sub-contractors on

the site. The gate had been opened at approximately 6:30 a.m. and remained opened until the time of the fire at approximately 2:15 p.m. Further, the temporary construction fence installed by Lynch in accordance with its contract with the third-party plaintiffs did not-completely encircle the construction site. Along a portion of the perimeter of the construction site, there was pre-existing fencing. Lynch was instructed by the third-party plaintiffs to connect the temporary construction fence to that pre-existing fencing. Photographs taken on the day of the fire clearly establish that there was at least one hole in the pre-existing fence. Certainly that hole, or the gate which had been opened for approximately 7 hours could have provided access to a trespasser on the date of this fire.

The third-party plaintiffs chose to file the third-party action in this Court. The action was filed after the Court issued its pre-trial Order which contained schedules for discovery, the filing of dispositive motions and pre-trial memoranda. The pre-trial Order also established a tentative trial date. Third-party plaintiffs were aware of that scheduling and bound by it at the time of they chose to file this third-party complaint. When it was brought into this case, Lynch became bound by the terms of the pre-trial Order, and has complied with those terms. It has participated in discovery conducted in accordance with the terms of that pre-trial Order. That discovery has clearly established the lack of any legal or factual bases for the third-party complaint. If the third-party

plaintiffs were allowed simply to dismiss this third-party action without prejudice, thereby avoiding an adverse judgment, and requiring the third-party defendant to re-litigate these issues, the third-party defendant would be significantly and unfairly prejudiced. For that reason, this Court should exercise its discretionary authority and deny the plaintiff's motion.

## II. If this Court does grant the plaintiff's motion to dismiss, the dismissal should be with prejudice.

If this Court grants the third party plaintiff's motion, the dismissal should be with prejudice. As previously discussed, the parties have conducted extensive discovery in preparation for trial. In fact, the third party action is scheduled for trial in November 2005. Prior to the filing of this motion, the third party defendants had anticipated filing a Motion for Summary Judgment. A Summary Judgment Conference was conducted on September 1, 2005 at the request of the parties. There is no dispute that to date, the third party plaintiff has failed to prove any liability on the part of the third party defendant.

The case of Doe v. Urohealth Systems, Inc., 216 F.3d 157 (1st Cir.2000) is instructive. In Urohealth, the trial judge granted the plaintiff's motion to dismiss without prejudice. The defendant, Urohealth, appealed. The First Circuit Court of Appeals reversed the order on the ground that "the district court's main stated reason for dismissing without prejudice was based on a legal error." *Id.* at 162-63. On remand, the case was assigned to a different district court judge. The

judge ordered the parties to file new memoranda supporting and opposing the motion to dismiss. The district court later issued an order staying the federal matter until the resolution of parallel state court proceedings. Urohealth appealed that order to the 1st Circuit Court of Appeals.

In Re: Urohealth Systems, 252 F.3d 504 (1st Cir.2001), the First Circuit Court of Appeals made clear its disapproval, absent unusual circumstances, of either staying or dismissing claims once a matter has been properly brought to a district court's attention. The court stated:

> "We do think that a plaintiff cannot conduct a serious product liability claim in a federal court, provoke over a year's worth of discovery and motion practice, allow the case to reach the stage at which the defendant filed a full-scale summary judgment motion, and then when matters seemed to go badly for plaintiff, simply dismiss the case and begin all over again in a state court in what is essentially an identical proceeding."

Urohealth, 252 F.3d at 508.

The Court went on to say:

> "This case is ready for summary disposition. Staying or dismissing without prejudice would cause legal prejudice to defendant, relinquish this court's jurisdiction, and encumber the speedy and efficient resolution of this case."

The same applies in this case. The third party action is scheduled for trial in November 2005. Discovery has been completed. The third party defendant has invested substantial resources to defend itself against the third party plaintiffs' claim. Principles of judicial economy and fairness militate against dismissing this case without prejudice.

The third party defendant submits that they will be prejudiced if the third party action is dismissed without prejudice. In Gonzalez v. Jose Santiago, Inc., 141 F.Supp.2d 202, 205 (D.P.R. 2001), the district court held that legal prejudice occurs if the defendant is voluntarily dismissed when he is entitled to a final judgment of dismissal with prejudice on summary judgment motion. See also Millsap v. Jane Lamb Memorial Hospital, 111 F.R.D. 481 (S.D.Iowa 1986); Mills v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 703 F.2d 305, 308 (8th Cir.1983); Young & Rubicam, Inc. v. Ticket Holder Marketing, Inc., 1988 WL 28616, (N.D.Ill.1988).

The case of Fremaint v. Ford Motor Co., 258 F.Supp.2d. 24, (D.P.R. 2003) is also instructive. In Fremaint, the district court refused to grant the plaintiff's motion to dismiss without prejudice. The motion was filed less that two weeks before the scheduled trial date and after the defendant had filed a motion for summary judgment. The Court found that the defendant had invested substantial resources defending itself against the plaintiff's claims for over a year and a half. The Court concluded:

> "Principles of judicial economy and fairness militate against either staying or dismissing this case without prejudice pending the decision of the Fund Manager."

Fremaint v. Ford Motor Co., 258 F.Supp.2d. at 32.

**III. If the Court does grant the plaintiff's motion, terms and conditions should be imposed which protect the third party defendant.**

If this Court orders that the third party plaintiff's motion to dismiss should be granted, the third party defendant respectfully requests that terms and conditions be imposed which will protect the third party defendant. The third party defendant respectfully requests that, at a minimum, the following terms and conditions be imposed:

1. An order denying all the claims presented against the third party defendant by the third party plaintiffs in this matter.
2. An order prohibiting the third party plaintiffs from seeking contribution/indemnification from the third party defendant with respect to the claims presented by the plaintiff insurance companies or their insureds in this matter.
3. An order prohibiting the third party plaintiffs from seeking attorneys' fees or costs in connection from the third party defendant with respect to the claims presented in this case.

**IV. This court has ancillary jurisdiction of the third party action regardless of the non-diversity between the third party litigants.**

The fact that there is no diversity between the third party plaintiff and third party defendant is not dispositive. The Tenth Circuit Court of Appeals has held as follows:

> "It is well settled, however, that a court has ancillary jurisdiction of a defendant's proper rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the court has jurisdiction of the main claim between the original parties."

King Fisher Marine Service, Inc. v. 21st Phoenix Corp., 893 F.2d 1155 (10th Cir. 1990) See also 6C. Wright & A. Miller, *Federal Practice and Procedure* §1444, at 223-25 (1971 & 1989 Supp.).

The Tenth Circuit held that if jurisdictional prerequisites are satisfied when the suit is begun, subsequent events will not work an ouster of jurisdiction. Id. The Court reasoned that to hold otherwise would "seriously impair the utility of the Rule, breed confusion and generate many sterile jurisdictional disputes". Id.

Therefore, the third party defendant submits that this court has the discretion to exercise its ancillary jurisdiction over the third party action even though the plaintiff's original claim has been settled.

**CONCLUSION**

For the reasons hereinabove cited, the third party defendant respectfully request that the third party plaintiff's motion to dismiss with prejudice be denied.

By Its Attorneys,

Robert J. Quigley, Jr. (#2483)
95 Chestnut Street, 6th Fl
Providence, RI 02903
(401) 454-4550

Craig R. Wacksler, Esquire
Taylor, Duane, Barton &
Gilman, LLP
10 Dorrance Street
Providence, RI 02903
(401) 273-7171

Stephen Adams, Esquire
Taylor, Duane, Barton &
Gilman, LLP
10 Dorrance Street
Providence, RI 02903
(401) 273-7171

**CERTIFICATION**

I hereby certify that a true copy of the within document was mailed to **Faith A. Lasalle, Esquire**, Law Offices, One Turks Head Place, Site 1010 Providence, RI 02903 on this 13th day of October, 2005.

EXHIBIT

A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

PENNSYLVANIA GENERAL
INSURANCE COMPANY, ~~ET AL.~~,
Plaintiffs

vs. CIVIL ACTION NO. 04-48T

CHURCHILL & BANKS, ET AL.,
Defendants

PRETRIAL ORDER - JURY CASE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Closure Date. Discovery in this case shall be closed as of 5/1/05 unless otherwise ordered by the Court. Said date, or such other date as the Court may subsequently specify, shall be referred to as the "Closure Date."

2. Time for Discovery. On or before the Closure Date, all interrogatories and requests for production must be served, and all depositions and other discovery must be completed. No discovery may be conducted after the Closure Date except by agreement of all counsel or by order of the Court. A motion for such an order shall identify the particular discovery sought, the reasons it is necessary, and the reasons why it was not done prior to the Closure Date. Nothing contained in this order shall excuse a party from its continuing obligation, under the Rules, to update responses to

11

discovery or to respond to discovery requests made before the Closure Date.

3. Expert Witnesses. Any party intending to utilize the testimony of an expert witness shall, upon request, disclose the identity of such witness promptly. If the expert is retained subsequent to such request, disclosure shall be made immediately after retention and before the Closure Date. In any event, disclosure shall be made within the times prescribed by Fed.R.Civ.P. 26(a)(2)(C). Any such witness not so disclosed may be barred from testifying unless the Court otherwise directs for good cause shown.

4. Time for Motions. All motions, including motions to amend pleadings, motions for leave to file counterclaims, cross claims or third party complaints, motions to add parties, motions for summary judgment, motions for judgment on the pleadings, and motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the basis for such motions. No motion, other than a motion to modify this Order or a motion to compel compliance with a discovery request made prior to the Closure Date, may be filed after the Closure Date.

5. Permitted and Required Memoranda. Every motion and every objection to a motion shall be accompanied by a supporting memorandum. In addition, within 10 days after an objection is filed, the proponent of the motion may file a reply memorandum.

No other memoranda, supplemental memoranda, or reply memoranda shall be filed in support of or in opposition to a motion nor shall any memorandum or other document relating to a motion be filed after a hearing date has been set for the motion unless the Court otherwise orders for good cause shown.

6. Format for Memoranda. Every memorandum shall bear a title identifying the motion in support of or in opposition to which it is filed; shall contain a "Facts" section as described in Subparagraph C; and shall set forth the basis for the motion or objection together with the statute, rule or other provision of law relied upon. Photocopies of all cases and authorities cited shall be included with the memorandum as a separate appendix.

In the case of dispositive motions (e.g. motions to dismiss or for summary judgment) such memorandum shall include in the following order:

A. A table of contents page;

B. A section entitled "Description of Motion" that identifies the movant(s) and the party against whom the motion is directed and that describes the motion and the precise nature of the order or relief sought;

C. A section entitled "Facts" that contains a clear and concise recitation of those facts necessary to enable the reader to understand what the case is about and the basis for the motion or objection

without reviewing other documents (whether those documents are appended to the motion or not);

D. A section entitled "Issues" that contains a numerical listing of the specific issues that the Court will be required to address in ruling on the motion;

E. A section entitled "Points and Authorities" that states and discusses, under separately labeled headings, each argument or contention advanced in support of or in opposition to the motion together with citations to any authorities relied upon.

In addition, motions for summary judgment also shall be accompanied by a Statement of Undisputed Facts that concisely sets forth, in separate numbered paragraphs, all material facts which the movant contends are undisputed and that entitle the movant to judgment as a matter of law. An objection to a motion for summary judgment shall specify which, if any, of the material facts cited by the movant are genuinely disputed. The party opposing the motion also shall set forth, in separate numbered paragraphs, any additional facts that it contends precludes summary judgment.

Each stated fact and each statement that a material fact is disputed shall cite the source relied upon, including the page and line of any document to which reference is made.

Documents shall be submitted with a motion and/or memorandum only if the contents of the document are disputed and necessary to decide the motion and, then, only to the extent that references to specific portions of said documents are made in the accompanying memorandum.

Motions and memoranda also shall comply with any additional requirements set forth in the Local Rules.

7. Page Limits. Unless permitted by the Court, for good cause shown, memoranda in support of and memoranda in opposition to any motion shall not exceed 15 pages and reply memoranda shall not exceed 5 pages. Appendices and/or exhibits attached to or filed with any motion or memorandum shall not exceed a total of 10 pages in the aggregate with the following exceptions:

A. In the case of motions for summary judgment and motions in opposition thereto, an additional statement of undisputed facts may be filed which shall not exceed 10 pages.

B. In the case of bankruptcy appeals, social security appeals, other administrative appeals, and suits brought for the alleged denial of ERISA benefits, counsel may submit the administrative record or such portion thereof as is relevant to deciding the issues presented.

8. Prerequisites to Filing Motions for Summary Judgment. No motion for summary judgment may be filed until counsel

proposing to file such motion has, first, conferred with the Court and other counsel for the purpose of discussing the need for and the utility of the proposed motion. The matters that counsel should be prepared to address at that conference shall include: the nature of the proposed motion; the "undisputed" facts upon which it is based; how many of the counts and/or issues the motion would resolve; whether and to what extent the non-moving party contests the motion and the "undisputed" facts asserted and whether the matters in question can be resolved more simply, less expensively and more expeditiously through a trial. Prior to requesting such a conference, counsel for the proponent shall inform opposing counsel of the nature of the proposed motion and the "undisputed" facts upon which it is based. Counsel for the opponents shall inform counsel for the proponent whether, and to what extent, they oppose the motion and dispute the "facts" upon which the motion is based. Such discussion shall be initiated by counsel that proposes to file the motion who, by requesting a conference, will certify that he or she has complied with the provisions of this paragraph.

9. Addition of Parties. If any party is added to the case after the date of this Order, it shall be the duty of counsel responsible for adding such party to promptly serve a copy of this Order upon such party or its counsel. This Order shall be binding upon such party unless subsequently modified by the Court, at the request of such party, or, otherwise.

10. Duty to Confer. Within 20 days after the Closure Date, counsel for all parties shall confer and make a diligent, good faith effort to settle the case. Such effort shall include the presentation of a demand by each claimant of the terms it would accept in satisfaction of its claim and the presentation of an offer by each party against whom a claim is made of what it is willing to tender to resolve such claim. If such effort is unsuccessful, counsel shall, at that time, make a diligent, good faith effort to:

A. Identify those facts that are disputed;

B. Identify those documents that they intend to offer as evidence at trial and stipulate as to the admissibility and/or authenticity of such documents; and

C. Take whatever action is appropriate to narrow and simplify the issues, avoid unnecessary proof, and expedite trial of the case.

It shall be the duty of plaintiff's counsel to initiate this conference, and it shall be the duty of other counsel to respond promptly. If any counsel is unable to obtain the cooperation of any other counsel, it shall be his or her duty to immediately communicate that fact, in writing, to the Court.

11. Pretrial Filings. Within 60 days after the Closure Date, each party shall file a Pretrial Memorandum, and any proposed voir dire questions as described in Paragraphs 12-13.

At time of impanelment, each party shall file a Supplement to the Pretrial Memorandum containing a Witness List, an Exhibit List and proposed Jury Instructions as described in paragraphs 14 15 and 16.

Failure to submit any pretrial filing on or before the due date may result in the imposition of sanctions and/or the exclusion of any evidence that should have been disclosed in a timely submission.

12. Pretrial Memorandum. The Pretrial Memorandum shall not exceed 25 pages in length and shall consist of the following sections:

A. Parties - a list of all parties and their trial counsel.

B. Facts - a concise recitation of the relevant facts that the party filing the Memorandum is relying upon and/or intends to prove at trial.

C. Claims and Defenses - a brief statement of each claim for relief and/or defense asserted by the party filing the Memorandum. Any claim or defense not included shall be deemed waived.

D. Damages - a brief and specific description of the nature, extent and amount of all damages claimed by the party filing the Memorandum together with a description of the manner in which such amount was calculated.

E. Issues - a numbered list of the factual and legal issues (including any anticipated evidentiary questions) that must be resolved in order to adjudicate the case.

F. Arguments and Discussion - a concise statement of the arguments made in support of each claim and/or defense described in paragraph 9C and a discussion of the issues referred to in paragraph E together with citations to the authorities relied upon. Copies of any statutes, opinions, or other authorities cited shall be submitted with the Memorandum.

G. Pending Matters - a list and description of any motions pending or contemplated, any special issues appropriate for determination in advance of trial, and any other matters that counsel believe ought to be considered by the Court prior to trial.

H. Estimated time of trial - Counsel's precise estimate of the time required to present his or her evidence and the time required to litigate the entire case.

Any claims, defenses and/or arguments not included in the Pretrial Memorandum shall be deemed waived whether or not they are contained in the pleadings.

13. Voir Dire Questions - shall consist of a list of all questions that counsel requests the Court ask of prospective jurors during voir dire examination, and a list of specific topics that counsel wishes to question prospective jurors about, directly, together with a statement of the reasons why such inquiry is necessary and why examination by the Court would be inadequate.

14. Witness and Exhibit List. The following witness and exhibit lists shall be submitted:

A. Witnesses List - a list of all witnesses whose testimony the party filing the list intends to present at trial (indicating whether such testimony will be live or by way of deposition) and concise statements of the subjects of their testimony.

B. Exhibit List - A list of all exhibits that the party filing the Supplement intends to offer at trial. The list should sufficiently describe the exhibit and include the date on which it was created. In addition, 1-2 lines of space should be provided between each exhibit to permit the Court to make brief notes with respect to the exhibit. The following format is illustrative:

| Identification | Full | Exhibit Number | Description of Exhibit |
|---|---|---|---|
| | | 1 | 3/22/96 letter from John Doe to Mary Smith |

| Identification | Full | Exhibit Number | Description of Exhibit |
|---|---|---|---|
| | | 2 | 7/10/96 purchase agreement between X Corp. and Richard Roe |
| | | 3 | 9/1/96 photo of 101 Elm St. |

Before submitting their respective lists, counsel should confer to eliminate duplication (i.e., exhibits that appear on both lists) to the maximum extent possible.

15. Jury Instructions. On or before (7 days before impanelment) counsel for each party asserting a claim, counterclaim, cross-claim, etc., and counsel for each party asserting an affirmative defense shall submit its proposed jury instructions to all other parties. Prior to impanelment, counsel shall meet and confer for the purpose of discussing any modifications proposed by the other parties and shall make an effort to reach agreement with respect to a joint request for jury instructions. Such meeting shall be initiated by counsel for the defendants. Such proposed instructions shall include:

A. A brief statement explaining to the jury the nature of the claims and/or defenses asserted by that party;

B. An enumeration of the elements that must be proven to sustain each claim and/or defense.

As soon as possible thereafter (but, in any event, no later than the date on which trial commences), counsel shall submit their joint request for jury instructions to the Court. If counsel cannot agree upon a complete set of instructions, counsel shall submit the portion on which they have agreed; and, in addition, each party shall submit any supplemental instructions requested by that party and upon which no agreement could be reached.

Each request shall be numbered and shall be set forth on a separate page in order to facilitate possible integration into the Court's charge. Requested instructions that have not been agreed upon shall contain citations to the legal authority for such instruction.

When all parties have rested, or at such earlier time as the Court designates, counsel will be afforded an opportunity to submit supplemental requests for jury instructions with respect to <u>unanticipated</u> issues raised by the evidence presented. Individual requests for supplemental instructions will not be considered unless the requesting party makes a strong showing that, in the exercise of due diligence, it could not have made the request on or before the date on which trial commenced.

<u>Any claim or defense for which no proposed charge is submitted may be deemed waived and failure to object to any proposed charge may be deemed a waiver of any objection to such proposed charge</u>.

16. <u>Exhibit Books</u>. A party's Exhibit Book shall consist of <u>copies</u> of those documents and/or photographs set forth on its

exhibit list that the party intends to offer at trial. Said copies shall be arranged in order in one or more three-ring binders and shall be separated by tabs bearing labels corresponding to each exhibit's designation (e.g., Ex. A, Ex. B, etc.). The exhibit designations shall correspond to those on the Exhibit List furnished to the Court and to the pre-markings on the original documents and photographs that will be offered as evidence.

Plaintiff's exhibits shall be marked numerically; and, in the case of groupings of related exhibits, they shall be marked with a number and a letter (e.g. 1A, 1B, 1C).

Defendant's exhibits shall be marked alphabetically; and groupings of related exhibits shall be marked with a letter and a number (e.g. A1, A2, A3). After the letters of the alphabet have been exhausted, Defendant's exhibits shall be marked with double letter designations (e.g. AA, BB, CC).

Failure to timely file a witness list and/or exhibit list or to include a witness or exhibit may be grounds for sanctions or excluding from evidence the witness or exhibit not disclosed.

17. Trial. This case shall be in order for trial at any time after the date fixed for filing pretrial memoranda. Once the case is placed on the Court's trial calendar, counsel should be prepared to proceed at time of impanelment or upon 24 hours notice thereafter. It is the duty of counsel to maintain contact with the calendar clerk to ascertain the status of the case from time to time.

18. Use of Recorded Testimony or Evidence at Trial. Counsel for any party proposing to read or play, during trial, evidence that has been previously recorded (e.g. depositions, tape recorded conversations) shall:

A. At least 10 days prior to impanelment, confer with opposing counsel in an effort to reach agreement as to how such material may be edited to eliminate portions that contain irrelevant or otherwise inadmissible material so that the jury and the Court will not be required to listen to evidence that is not helpful in determining the pertinent facts.

B. At least one week prior to impanelment, file a transcript of the proffered evidence which shall be highlighted as follows:

1. The portions that all counsel agree should be read or presented shall be highlighted in yellow.

2. The portions that the proponent proposes to read or present but that are objected to shall be highlighted in red.

3. The portions that any other party wishes to have read or presented but to which the proponent objects shall be highlighted in green.

It shall be the responsibility of counsel for any party objecting to the manner in which recorded testimony or evidence has been edited to express such objection to the proponent at the conference referred to in subparagraph A so that the highlighted transcript referred to in subparagraph B is complete and accurate.

Any failure by counsel for the proponent to comply with his or her obligations under this paragraph may constitute grounds for excluding the proffered evidence. Any failure on the part of other counsel to comply with their obligations under this paragraph may be deemed a waiver of their objections to the proffered evidence.

19. Post Trial Exhibit List - At or before the conclusion of the evidence, counsel for each party shall submit a "clean" list of only those exhibits offered by such party that have been admitted into evidence. Such lists shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable:

A. Exhibit Number

B. Date

C. A brief description of the exhibit that will enable the jurors to identify it but which does not characterize the exhibits or it contents (e.g. letter from A to B; photograph of 100 Main Street).

20. Jury Costs. In cases that are settled after a jury has been summoned, jury costs and/or attorneys' fees may be assessed

against one or more of the parties and/or their counsel if the Court determines the tardiness of the settlement was due to unreasonable or vexatious conduct or failure to make a good-faith effort to settle the case earlier. Therefore, every effort should be made to settle cases before that time.

BY ORDER:

Deputy Clerk

ENTER:

Ernest C. Torres
United States District Judge

Date: 7/21/04

forms\ptojur.wpd
rev. July 6, 2004

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

PENNSYLVANIA GENERAL
INSURANCE COMPANY, ET AL.,
Plaintiffs

vs. CIVIL ACTION NO. CA04-48T

CHURCHILL & BANKS, ET AL.,
Defendants

DISCOVERY SCHEDULE

All discovery in the matter is stayed for two months. Fact discovery will close on May 1, 2005.

The plaintiffs shall disclose expert reports on March 1, 2005.

The defendants shall disclose expert reports on April 1, 2005.