**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PENNSYLVANIA GENERAL INSURANCE COMPANY, a/s/o JOHN SIROIS and SAFEGUARD INSURANCE COMPANY a/s/o RUI HENRIQUES

vs. C.A. NO. 04-48T

CHURCHILL & BANKS, LTD. and COTTAGE PLAZA, LLC

vs.

J.H. LYNCH & SONS, INC.

**REPLY MEMORANDUM OF THIRD PARTY PLAINTIFFS, CHURCHILL & BANKS, LTD. AND COTTAGE PLAZA ASSOCIATES, LLC TO THIRD PARTY DEFENDANT'S OBJECTION TO THE MOTION TO DISMISS THE THIRD PARTY ACTION WITHOUT PREJUDICE**

First, in response to the third party defendant's memorandum, the third party defendants were well aware before September 1, 2005 that the third party plaintiffs sought a dismissal without prejudice. At the mediation held on August 4, 2005, before Attorney William Poore, J.H. Lynch & Sons, Inc. refused to make any contribution to the settlement. In order that the settlement would not be threatened by Lynch's position, the defendants/third party plaintiffs agreed to settle with the plaintiffs without any contribution on the part of J.H. Lynch & Sons. It did, however, at the mediation, draft and present to the attorneys for Lynch a dismissal of the third party action without prejudice. Because Lynch came to the mediation without a corporate representative or even a representative from its respective insurance companies, the issue could not be resolved at the mediation and the attorneys for Lynch indicated that they would discuss it with their client and the carriers for their clients at a later date. Attorney for the third party plaintiffs made phone calls throughout August to the attorneys for Lynch to try to resolve the entire federal court action before the court conference and were diligent in their efforts to resolve all aspects of this federal litigation in an efficient and cost effective manner. Prior to reaching a

settlement with the plaintiffs in the main action, the third party plaintiffs were not in a position to propose a dismissal of the third party action to the court or others and when it became apparent that a formal motion would be needed it addressed the issue with the court at the scheduled conference on September 1st.

Secondly, the third party plaintiffs are not engaging in forum shopping. As the third party defendants have recognized in referencing Alamance Indus., Inc. v. Filene's, 291 F.2d 142 (1st Cir. 1961), in its memorandum, a party should not be punished simply for bringing other lawsuits. The Court of Appeals stated that there was no public interest furthered by punishing Alamance for having brought other suits. Id. at 145.

Moreover, in this case, third party plaintiffs, unlike a plaintiff in a main action, had no choice but to assert the third party actions as the cases were filed against them in whatever jurisdiction that particular plaintiff chose. This is hardly picking a forum but simply identifying parties who are potentially liable to others for the claims raised in the plaintiffs' actions.

In terms of the analysis for considering a motion to dismiss without prejudice, the third-party plaintiff cites Doe vs. Urohealth, 216 F.2d 157 (1st Cir. 2000) and the "Pace factors" referenced by the First Circuit in the Urohealth I decision. Applying these factors to the instant case, a dismissal without prejudice is appropriate and in order. First, Lynch's efforts and expense in preparation for trial have involved nothing more than the discovery stage. Pre-trial memoranda have not even been filed. As previously indicated, the parties to this action and the parties to the state actions agreed that all would be invited to attend and participate in the examination of all fact witnesses, with the intent that all discovery would be used in both the federal and state actions. Therefore, all of the expenses incurred and discovery efforts made by Lynch to date are related to and can be used in the defense of the state court cases. A voluntary dismissal is not considered prejudicial to the defendant when the plaintiff has agreed that

discovery done in the case can be used in other actions. Tyco Laboratories vs. Koppers Company, Inc., 627 F.2d 54, 56 (7th Cir. 1980). As to the second factor, the third party plaintiffs have not engaged in any excessive delay or demonstrated lack of diligence in prosecuting the action. The defendants/third party plaintiffs entered into mediation on August 4th in good faith and reached a settlement with the plaintiffs in the main action, which furthered the judicial interest of disposing of civil claims before lengthy trials. Two representatives of Lynch were deposed and written discovery was propounded by and to it. Also, the attorney for Churchill & Banks Ltd and Cottage Associates, LCC was the attorney who arranged for the participation of all attorneys involved in any of the cases at the depositions. Thirdly, there is a sufficient explanation for the need to take the dismissal at this time, in that a settlement was not reached with the plaintiffs in the main action until August 4, 2005, arguably making the third party action moot. Also, proof of a contribution claim or indemnity claim against Lynch would require facts also necessary in establishing the liability in the main state actions. It is more efficient and fair to parties who have brought the state court cases that these facts and issues be addressed in the pending state cases where parties in those actions will have a right to participate. As to the fourth factor, a trial has not started and there has been no summary judgment motion filed by the third party defendant. In fact, the Court declined Lynch's request to file such a dispositive motion until it had the opportunity to consider the merits of a motion to dismiss without prejudice under the circumstances.

Most importantly, the cases relied upon by Lynch to support a denial of a motion to dismiss without prejudice, do not involve third party actions where a third party plaintiff is not selecting the forum but responding to claims brought against it. This is a critical factor because the prosecution of the third party claim is dependent on the main claim filed against the third party plaintiff and not controlled mainly by the defendant/third party plaintiff.

Also, the cases cited by Lynch that deal with the summary judgment consideration are all cases where summary judgment has already been filed and sometimes where plaintiff failed to file any opposition to the summary judgment. *See*, for example, In re Urohealth Systems, Inc., 252 F.3d 504 (1st Cir. 2001); Millsap vs. Jane Lamb Memorial Hospital, 111 F.R.D. 481 (S.D. Iowa 1986); Pace vs. Southern Express Company, 409 F. 2d 331, 333 (1st Cir. 1969) (no response filed to summary judgment motion.). One even involved a trial in process. Mills vs. Merrill Lynch, 703 F.2d 305 (8th Cir. 1983). Moreover, the fact a summary judgment motion has been filed and is pending for consideration is not solely determinative of the issue. Courts have dismissed a plaintiff's action without prejudice even where a summary judgment motion is pending and the discovery period had closed. Pontenberg vs. Boston Scientific Corporation, 252 F.23d 1253 (11th Cir. 2001). The mere pendency of a summary judgment motion is not considered legal prejudice to the moving party, which is what must be shown to defeat a motion to dismiss of this nature. Id. at. 1258.

While the merits of a summary judgment action on the third party claim is not appropriately addressed in this motion since one has never been filed, unlike what Lynch has suggested, there are other issues arising from Lynch's involvement on the premises that could impose liability on Lynch other than the construction fencing it erected. For example, the fire started on a weekday during work hours when Lynch was, at least in part, in custody and control of the premises as the site. The development project was in its preliminary stage with Lynch, the earthworks contractor, performing work on the property to prepare it for Churchill & Banks LLC to start construction on the property in the near future, but which had not begun. In fact, employees of one of Lynch's subcontractors, the tree removal company, was on the premises un-supervised by an onsite representative of Lynch, when the fire started and was one of the first to notice the smoke. Also, various terms in the Lynch contract require Lynch to take reasonable

safety precautions in performing work; to comply with laws and local ordinances and regulations; and to supervise and direct its work. These responsibilities go beyond mere security issues and potentially can become relevant grounds for a third party action depending on how the plaintiffs in the state cases to prove their claims.

Moreover, other factors that are not present in this case were present in the cases relied upon by Lynch. For instance, the First Circuit in Urohealth II were obviously troubled by "various abuses" by the plaintiff's attorney, such as designating in interrogatory answers multiple experts that he had never in fact retained; not prosecuting his case diligently; and propounding voluminous and inappropriate discovery requests at the end of the discovery period." Id., 252 F.3d at 504. The attorney for the plaintiff in that case had engaged in several cost intensive dilatory discovery practices, none of which are present in this case.

Also, the request for a dismissal was not to avoid litigating a claim but the result of obtaining a settlement of the main action and realizing that issues common to both the plaintiffs' actions in state court and the claims against Lynch are better litigated in the state forum under the present posture of this lawsuit.

Finally, as the third party defendant highlights in its brief, the Court has the discretion to allow a dismissal without prejudice and can do so subject to the terms and conditions that its deems appropriate. Because the discovery was conducted in such a fashion that the depositions and materials will be able to be used in the pending state cases, there should be no award of costs to the third party defendant in this case. In fact, the Court can enter a dismissal without prejudice with the caveat that all discovery conducted in the federal case can be used in the state actions.

For these reasons and those discussed in the third party plaintiffs' memorandum previously filed in support of their motion, this Court is requested to issue an order dismissing the third party action without prejudice, no costs to any party.

CHURCHILL & BANKS, Ltd.
COTTAGE PLAZA ASSOCIATES, LLC
By their attorneys,

Faith A. LaSalle

Faith A. LaSalle (#2212)
One Turks Head Place
Suite 1010
Providence, RI 02903
Telephone: (401) 421-8080
Facsimile: (401) 421-0677

## Certification of Service

I hereby certify that on this 8th day of October, 2005, I mailed a copy of Third Party Plaintiffs' Reply Memorandum to The Third Party Defendant's Opposition Memorandum to the Motion to Motion to Dismiss without Prejudice the Third Party Complaint to the attorneys of record:

Craig R. Waksler, Esq.
Stephen Adams, Esq.
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Robert Quigley. Esquire
McKenney, Jeffrey & Quigley
91 Chestnut Street, 6th Floor
Providence, RI 02908